UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24052-BLOOM/Otazo-Reyes

ENGELBERT GUIROLA,

    Plaintiff,

v.

MIAMI-DADE COUNTY,
YOVANI SOSA, and
SGT. RODRIGUEZ,

    Defendants.
_____/

**ORDER ON MIAMI-DADE COUNTY'S SECOND
MOTION TO DISMISS COUNT III OF THE COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County's ("Defendant") Second Motion to Dismiss Count III of the Complaint, ECF No. [30] ("Motion"), filed on April 28, 2022. Pursuant to Local Rule 7.1(c), a response to the Motion was due on May 12, 2022. Plaintiff failed to respond to the Motion by the applicable deadline or to request an additional extension of time in which to do so. On May 13, 2022, the Court directed Plaintiff to file a response to the Motion, if any, no later than May 20, 2022. *See* ECF No. [31]. To date, Plaintiff has failed to comply with the Court's Order. As such, the Court proceeds to address the merits of the Motion without the benefit of a response. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On November 17, 2021, Plaintiff initiated this action against Defendants Yovani Sosa ("Sosa"), Ernesto Rodriguez ("Rodriguez"), and Miami-Dade County. *See* ECF No. [1] ("Initial

Complaint"). On April 14, 2022, Plaintiff filed an Amended Complaint, asserting one count of "vicarious liability assault and battery" against Miami-Dade County ("Count III"). *See* ECF No. [25] ("Amended Complaint"). Plaintiff claims that Defendant's employees Sosa and Rodriguez (collectively, "Officers") caused bodily harm to Plaintiff by kicking and battering Plaintiff. *See id.* ¶ 30.

In the instant Motion, Defendant seeks to dismiss Count III with prejudice under Rule 12(b)(6). *See* ECF No. [30]. According to Defendant, Plaintiff has alleged that the Officers acted maliciously and in bad faith, which entitles Defendant to sovereign immunity under Fla. Stat. § 768.28(9)(a). *See id.* at 2-5. Defendant further argues the Amended Complaint fails to allege that Plaintiff complied with the notice provision of Fla. Stat. § 768(6)(a), which requires Plaintiff to present "the claim in writing to the appropriate agency . . . within 3 years after such claim accrues." *Id.* at 5-6 (quoting Fla. Stat. § 768.28(6)(a)).

## II.   LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Motion to Dismiss

As noted above, Defendant seeks to dismiss Count III of the Amended Complaint because the Amended Complaint alleges that the Officers acted maliciously and in bad faith, which entitles Defendant to sovereign immunity. *See id.* at 2-5. Defendant further argues the Amended Complaint fails to allege that Plaintiff complied with the notice provision of Fla. Stat. § 768(6)(a), which requires plaintiffs to present "the claim in writing to the appropriate agency . . . within 3 years after such claim accrues." *Id.* at 5-6 (quoting Fla. Stat. § 768.28(6)(a)).

Upon review, the Court agrees with Defendant. Fla. Stat. § 768.28(9)(a) states that "[t]he state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Courts in this District have repeatedly held that Defendant is entitled to sovereign immunity where the plaintiffs allege that Defendant's officers acted in wanton

and willful disregard of human rights, safety, or property. *See, e.g.*, *Montefu Acosta v. Miami-Dade County*, No. 16-23241, ECF No. [37] at 10-11 (S.D. Fla. Sept. 8, 2020); *Casado v. Miami-Dade County*, No. 18-22491, 2018 WL 5263935, at *6 (S.D. Fla. Oct. 23, 2018); *Gaviria v. Guerra*, No. 17-23490, 2018 WL 1876124, at *11 (S.D. Fla. Apr. 19, 2018).

In this case, as Defendant correctly points out, Plaintiff's claim against Defendant is based on the wanton and willful conduct of the Officers.

> This cause of action is brought by Guirola against Defendant Sosa for his *willful, wanton and malicious* use of excessive force under color of law that deprived Plaintiff of constitutionally protected rights under the Fourth Amendment to the United States Constitution. . . . Defendant Sosa's intentional use of excessive force, while acting in his capacity as a police officer for Miami-Dade County and under the color of law, did *intentionally* use excessive force by kicking Guirola in the foot and kneeling on Guirola's neck to arrest Guirola, who was not resisting and did not pose any threat, violated clearly established Fourth Amendment protections against excessive force. The *intentional, willful and wanton* acts of Defendant Sosa establishes [*sic*] a claim for punitive damages by Guirola against Defendant Sosa. . . . The *intentional, willful and wanton* acts of Defendant Rodriguez establishes [*sic*] a claim for punitive damages by Guirola against Officer Rodriguez.

ECF No. [25] ¶¶ 20, 22, 23, 28 (emphases added). Drawing all reasonable inferences in Plaintiff's favor, the Court cannot construe these allegations as describing anything less than acts "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Sta. § 768.28(9)(a); *see also Gregory v. Miami-Dade Cty.*, No. 16-17093, 2017 WL 5483158, at *13 (11th Cir. 2017) ("Accepting as true the facts alleged in the complaint . . . no version of the facts pled in this particular case support a claim that Officer Perez acted without wanton and willful disregard of Gregory's rights. Sovereign immunity therefore attaches to the claims against Miami-Dade [County]."). As such, Defendant's argument is persuasive, and dismissal of Count III is warranted.[1]

---

[1] Given the Court's determination, the Court need not address Defendant's second argument regarding Fla. Stat. § 768(6)(a).

### B. Dismissal With Prejudice

As a final matter, Defendant requests that the Court dismiss Plaintiff's claim against Defendant with prejudice. *See* ECF No. [30] at 1-2. A court may dismiss claims with prejudice when another attempt to amend the complaint would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Upon review of Defendant's arguments, it is apparent that any attempt to amend the pleadings would be futile. The Court further notes that Plaintiff previously had an opportunity to amend his Initial Complaint by filing the Amended Complaint after Defendant filed its First Motion to Dismiss raising similar arguments as those in the pending Motion to Dismiss. *See* ECF No. [21]. As evident from the Court's analysis above, Plaintiff was unable to address Defendant's arguments in his Amended Complaint. As such, Plaintiff's claim against Defendant should be dismissed with prejudice and without leave to amend.

### I. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [30]**, is **GRANTED**.
2. Count III of Plaintiff's Amended Complaint, **ECF No. [25]**, is **DISMISSED WITH PREJUDICE**.
3. Plaintiff's claims shall proceed against Defendants Yovani Sosa and Ernesto Rodriguez.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record