UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-24052-BLOOM/Otazo-Reyes

ENGELBERT GUIROLA,
        Plaintiff,

v.

OFFICER YOVANI SOSA, Individually, and
OFFICER SGT. ERNESTO RODRIGUEZ, Individually,
        Defendants,
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff, Engelbert Guirola, by and through undersigned counsel, hereby files this Response to Defendant's Motion in Limine to address certain evidentiary rulings prior to the start of his trial. In support of this motion, Mr. Guirola states the following:

**I.    Evidence of Alleged Violations of MDPD Rules, Regulations, or Procedures**

Mr. Guirola requests an Order allowing the introduction of evidence that Officers violated certain MDPD rules or regulations, including but not limited to the body worn camera policy.

Defendant Sosa cites caselaw that does not stand for the proposition that Defendant Sosa is stating. The cases that Defendant Sosa cites are different from this case. In *Knight*, the Plaintiff attempted to use the defendant's violations of departmental policies specifically the vehicle chase policy. *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 813-14 (11th Cir. 2017). However, those violations were not tied directly to the incident which gave rise to Knight's civil claims. *Id*. The court found that the chase policy could be confusing and in other words, irrelevant because the chase itself took place prior to and separately from the Plaintiff's use of deadly force claim. *Id*. Mr. Guirola's case is distinguishable, taking the body worn camera policy for example,

the officer's failure to active his body worn camera was an action taken by the Defendant *while* he was committing excessive force. The violation of the policy enabled the Defendant to commit the violation which gave rise to the claims.

In the present case, there is no risk in confusing the jury because Mr. Guirola is not going to argue that the Officers violation of the MDPD policy on body worn camera, is itself a violation of the Fourth Amendment. The proper way to handle this issue is to instruct the jury that a violation of department policies does not necessarily amount to a civil rights violation. It would not be proper to entirely exclude evidence of the defendant's wrongdoing (the failure to turn on body worn camera during an investigation) just because that act is also a violation of departmental policies. These officers' credibility will become a primary issue during the trial because they did not activate their body worn camera during the arrest of Mr. Guirola. Thus, whether these officers turned off their body worn camera, when their policy states that the camera should have been on is completely relevant and it is not prejudicial.

Defendants argue that the violation of MDPD body worn camera policy is inadmissible character evidence. Plaintiffs strongly disagree. Character evidence is inadmissible when it is used to show conformity. In essence, inadmissible character evidence says, a person has acted in a particular fashion in the past, thus they acted in the same fashion now. Here, the introduction of the Defendant's violation of MDPD body worn camera policy would only be coming in to show that the Defendant Officers made a conscious effort to conceal their conduct.

## II.     Evidence of the Officers' Disciplinary Histories and Other Lawsuits

Mr. Guirola believes that certain past conduct of the officers which is relevant to the claims in this case should be admitted or allowed for impeachment purposes.

### III. Evidence of the Outcome of Plaintiff's Criminal Cases and Length of Plaintiff's Pretrial Detention

Mr. Guirola requests an Order allowing the introduction of evidence that Mr. Guirola was acquitted of the charges against him. However, Mr. Guirola does not seek to introduce evidence of the length of his incarceration. It is inherent in the alleged facts and it will become immediately apparent that Mr. Guirola was arrested. Mr. Guirola should be allowed to explain to the jury that he was not guilty of the alleged offenses.

### IV. Evidence Pertaining to Janae/Jenny and to Plaintiff's YouTube Video, Cubans and Zoes

Mr. Guirola requests an Order in Limine allowing both evidence of his prior girlfriend and the music video to be presented at trial.

Both items will be used for the purpose of establishing that Mr. Guirola and Defendant Sosa had a relationship prior to the civil rights violation in this case. That relationship is important and relevant to the claims against Defendant Sosa because they explain why it is that Defendant Sosa used excessive force against Mr. Guirola.

Mr. Guirola's past girlfriend was once the girlfriend of Defendant Sosa. Defendant Sosa harbors animosity for Mr. Guirola in part because Mr. Guirola dated a woman who Defendant Sosa used to date. This information is relevant to establish the relationship Mr. Guirola and Defendant Sosa had prior to the incident in this case. That Mr. Guirola could not remember his girfriend's last name and did not know her whereabouts during the middle of a seven hour deposition is irrelevant to the evidentiary issues in 401 and 403. The County's arguments for the exclusion of this evidence goes to the weight of the evidence and not the admissibility of the evidence. The County's argument that conversations between Mr. Guirola and the past girlfriend are all hearsay

is inaccurate. Some of their conversations are non hearsay and others will have hearsay exceptions. To exclude any and all conversations or mentions of this past girlfriend would not comport with the rules of evidence. Mr. Guirola should be able to establish that there is a relationship between himself and the Defendant and why he feels that past relationship led to the civil rights violation in this case.

The music video has nothing to do with the past girlfriend. The music video was recorded by Mr. Guirola because Mr. Guirola is a local artist. During the shotting of the video, Defendant Sosa was across the street monitoring Mr. Guirola and that is borne out in the music video. Mr. Guirola makes mention of Defendant Sosa in the music video. A video that was recorded prior to the incident in this case. If introduced at trial, the music video will used to establish the fact that Mr. Guirola and Defendant Sosa knew each other prior to Officer Sosa's Excessive Force of Mr. Guirola. The County is attempting to mislead this Court by saying that the word Sosa, in Mr. Guirola's music video, was an allusion to some movie star or an illicit drug even. However, it is clear from the video that Mr. Guirola's reference to "Sosa" was tied to a police officer and not drugs or a movie star.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Rule 7.1(a)(3) of the Local Rules for the Southern District of Florida, undersigned counsel certifies that the parties have conferred as to the relief requested herein and Plaintiff's counsel opposes the relief requested in this Motion.

Dated: January 5, 2023

                                              **Respectfully submitted,**

                                              /S/ Jeremy McLymont, Esq.
                                              AsiliA Law Firm, P.A.
                                              33 SW 2nd Ave. Suite 1104
                                              Miami, FL 33130

Tel. (786) 420.3014  
Fax (813) 549.2891  
Jeremy@asilialaw.com  
Florida Bar No.1010776  
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

On January 26, 2023, I electronically filed this document with the Clerk of Court using CM/ECF and served a true and correct copy on all counsel of record via CM/ECF.

By: /s/ <i>Jeremy McLymont</i>  
Jeremy McLymont  
Attorney for Plaintiff