UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24052-BLOOM/Otazo-Reyes

ENGELBERT GUIROLA,

    Plaintiff,

v.

MIAMI-DADE COUNTY,
YOVANI SOSA, and
SGT. RODRIGUEZ,

    Defendants.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant Ernesto Rodriguez's ("Rodriguez") Motion for Summary Judgment, ECF No. [54] ("Motion"), filed on January 4, 2023. Plaintiff Engelbert Guirola ("Guirola") filed a Response in Opposition to Defendant's Motion for Summary Judgment, ECF No. [66] ("Response"), to which Rodriguez filed a Reply, ECF No. [68]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On November 17, 2021, Plaintiff initiated this action against Defendants Yovani Sosa ("Officer Sosa"), Ernesto Rodriguez ("Officer Rodriguez"), and Miami-Dade County. *See* ECF No. [1] ("Initial Complaint"). On April 14, 2022, Plaintiff filed an Amended Complaint, asserting three counts: one count for violation of civil rights while acting under the color of law, pursuant to 42 U.S.C. § 1983 against Officer Sosa ("Count I"), one count for violation of civil rights while acting under the color of law for failure to intervene, pursuant to 42 U.S.C. § 1983 against

Rodriguez ("Count II"), and one count of "vicarious liability assault and battery" against Miami-Dade County ("Count III"). *See* ECF No. [25] ("Amended Complaint").

On April 28, 2022, Defendant Miami-Dade County filed a Motion to Dismiss Count III. ECF No. [30]. On May 25, 2022, the Court granted the Motion to Dismiss Count III and the case proceeded on Counts I and II against Defendants Officers Sosa and Rodriguez. ECF No. [32].

In the instant Motion, Officer Rodriguez requests that the Court grant summary judgment in his favor. Rodriguez argues that he is entitled to qualified immunity because there is no disputed material fact that he was acting within his discretionary authority and did not violate Guirola's constitutional rights because he did not observe Officer Sosa's alleged use of force and therefore was not in a position to intervene. *See generally* ECF No. [54]. Guirola responds that summary judgment should not be granted because qualified immunity is unconstitutional, and there is a material issue of fact as to whether Officer Rodriguez observed Officer Sosa's use of force and failed to intervene, in violation of Guirola's constitutional rights. *See generally* ECF No. [66].

## II.  MATERIAL FACTS

Unless otherwise stated, the following facts are not in dispute.

On November 17, 2017, Officers Rodriguez and Sosa were assigned to the Robbery Intervention Detail of the Miami-Dade Police Department. ECF No. [55] at ¶ 1. Guirola was wanted for an armed robbery that had occurred the day before. *Id*. at ¶ 2. Officers Rodriguez and Sosa responded to Guirola's last known address, 9143 SW 77th Avenue, Miami, Florida, seeking to arrest Guirola. *Id*. at ¶ 3. Officers Sosa and Rodriguez arrived on scene in separate, unmarked vehicles. *Id*. at ¶ 4.

A few minutes after arriving on scene, Officer Sosa spotted Guirola exiting the building. *Id*. at ¶ 7. Officer Sosa approached Guirola and asked Guirola to show his hands. *Id*. at ¶ 8. Guirola

2

complied and Officer Sosa handcuffed him. *Id*. at ¶ 9. It is disputed whether Officer Rodriguez was present when Officer Sosa approached and handcuffed Guirola.

Guirola filed an internal complaint with the Professional Compliance Bureau accusing ten officers, including Officers Sosa and Rodriguez, of police department violations. *Id*. at ¶16. Those claims were not sustained. ECF No. [65] at ¶17. Guirola alleged that Officer Sosa used excessive force immediately when Officer Sosa made contact to arrest him. ECF No. [55] at ¶ 20. It is disputed whether Officer Rodriguez was present and in a position to intervene.

### III. LEGAL STANDARD

#### A. Summary Judgment

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

**B. Qualified Immunity**

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kingsland v. City of Miami*, 382 F.3d 1220, 1231 (11th Cir. 2004) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)); *see also Storck v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law," *Wood v. Kesler*, 323 F.3d 872, 877 (11th Cir.

2003) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)), and the doctrine accordingly represents "a balance between the need for a remedy to protect citizens' rights and the need for government officials to perform their duties without the fear of constant, baseless litigation." *Kingsland*, 382 F.3d at 1231 (citation omitted). Accordingly, "[q]ualified immunity is, as the term implies, qualified. It is not absolute." *Id.* at 1233.

"A government official acts within his discretionary authority if his actions were (1) undertaken pursuant to the performance of his duties and (2) within the scope of his authority." *Mikko v. City of Atlanta, Ga.*, 857 F.3d 1136, 1144 (11th Cir. 2017) (citing *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995)). "In applying each prong of this test, [courts] look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004). "In other words, 'a court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties.'" *Mikko*, 857 F.3d at 1144 (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). "Once the public official has established that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity does not apply." *Storck*, 354 F.3d at 1314 (citing *Lee*, 284 F.3d at 1194).

### IV. DISCUSSION

Officer Rodriguez argues that he is entitled to qualified immunity as there is no disputed material fact that he was acting within his discretionary authority and did not violate Guirola's constitutional rights. He contends that he did not observe Sosa's alleged use of force and was therefore not in a position to intervene. *See generally* ECF No. [54]. Guirola responds that

summary judgment should not be granted because qualified immunity is unconstitutional, and there is a material issue of fact over whether Officer Rodriguez observed Officer Sosa's use of force and failed to intervene in violation of Guirola's constitutional rights. *See generally* ECF No. [66].

### A. Qualified Immunity

As an initial matter, the parties have agreed for the purposes of summary judgment, that Officer Rodriguez was acting within the scope of his employment on November 17, 2017, when Guirola was arrested. Guirola claims Officer Rodriguez violated his constitutional rights by failing to intervene when Officer Sosa used excessive force. Because Defendants have satisfied the discretionary authority requirement, the burden shifts to Plaintiff to establish that qualified immunity is not applicable. The United States Supreme Court has outlined a two-part test to determine whether a plaintiff meets its burden on rebutting a qualified immunity defense: (1) "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"; and (2) if a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Moreover, courts "may consider these two prongs in either order; an official is entitled to qualified immunity if the plaintiff fails to establish either." *Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 951 (11th Cir. 2019) (citing *Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1344 (11th Cir. 2016)).

"[O]nly Supreme Court cases, Eleventh Circuit caselaw, and [Florida] Supreme Court caselaw can 'clearly establish' law in this circuit." *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 955 (11th Cir. 2003) (citing *Hamilton By & Through Hamilton v. Cannon*, 80 F.3d 1525, 1532 n.1 (11th Cir. 1996)). The essence of this inquiry is the "public official's objective

reasonableness, regardless of his underlying intent or motivation." *Kingsland*, 382 F.3d at 1231-32 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982); *Lee*, 284 F.3d at 1195). "To be clearly established, the contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"[A] claim for failure to intervene requires an act of excessive force by the perpetrating officer in the first instance." *Ireland v. Prummell*, 53 F.4th 1274, 1301 (11th Cir. 2022). "[W]hen an officer is not a participant in the excessive force, he can still be liable if he fails to take reasonable steps to protect the victim." *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)). However, the non-intervening officer must be in a position where intervention is possible. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008); J*ohnson v. White,* 725 F. App'x 868, 878 (11th Cir. 2018) (per curiam).

Officer Rodriguez argues that he did not fail to intervene because he was not present and therefore not in a position to intervene in Officer Sosa's alleged use of excessive force. Since Officer Rodriguez contends that he was not present and therefore not in a position to intervene, the issue before the Court is whether there is a dispute as to the material fact of Officer Rodriguez's presence during the alleged use of excessive force.

    i.    **Issue of Material Fact**

Officer Rodriguez argues that there is no dispute of material fact. He asserts that the record evidence establishes that he was not present for Officer Sosa's alleged excessive use of force because Plaintiff testified under oath that Sosa was alone at the time of arrest. Rodriguez contends that Guirola's testimony given in connection with this case, which contradicts his earlier sworn

7

testimony, cannot create a dispute of material fact. Guirola responds that the Court cannot ignore the record evidence which includes Guirola's sworn testimony that Rodriguez was two feet away from Sosa when Guirola was arrested and subjected to excessive force.

"Federal Rule of Civil Procedure 56 and countless decisions applying it express the modern rule that a case should be put to the jury if there is any genuine issue of material fact, including one created solely by the testimony of a party." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013). "Occasionally there is pushback against this rule, sometimes expressed in orders granting summary judgment despite what is described as the non-movant's 'unsubstantiated' or 'uncorroborated' or non-objective testimony. At other times we have seen summary judgment based on disapproval of a party's testimony as 'conclusory' when it is not." *Id.* As the Eleventh Circuit has reiterated, "when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's version." *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (emphasis in original). Those issues of fact should be resolved by a jury. "Although the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case, '[the Court's] analysis ... must begin with a description of the facts in the light most favorable to the plaintiff' and our decision must accept those facts." *Feliciano*, 707 F.3d at 1247 (quoting *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006)).

Officer Rodriguez and Guirola offer contradictory accounts of Guirola's arrest on November 17, 2022. Officer Rodriguez submits that he was not present when Officer Sosa took Guirola into custody, and did not see Guirola until he was advised by Officer Sosa over the radio that Guirola was under arrest at which point Officer Rodriguez drove to where Guirola was in handcuffs. *See* ECF No. [55] at ¶¶ 11-13. Guirola disputes that version of events and states that Officer Rodriguez was present when Officer Sosa took Guirola into custody and that Officer

8

Rodriguez witnessed Officer Sosa place his knee on the back of Guirola's neck from where he was standing, two feet away. *See* ECF No. [65] at ¶¶ 6, 11.

It is undisputed that on January 27, 2018, Guirola gave sworn testimony under oath to the Professional Compliance Bureau as part of an internal investigation in which he stated that Officer Sosa was by himself. ECF Nos. [55] at ¶¶ 18-19, [65] at ¶¶ 18-19. Officer Rodriguez argues that the testimony given by Guirola to the Professional Compliance Bureau and during his depositions in this case are contradictory, have no probative value, and should be disregarded. In support of this position, Officer Rodriguez cites to *Evans v. Stephens*, where the Eleventh Circuit articulated the standard for assessing a non-movant's testimony:

> When the nonmovant has testified to events, we do not (as urged by Plaintiffs' counsel) pick and choose bits from other witnesses' essentially incompatible accounts (in effect, declining to credit some of the nonmovant's own testimony) and then string together those portions of the record to form the story that we deem most helpful to the nonmovant. Instead, when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's version. Our duty to read the record in the nonmovant's favor stops short of not crediting the nonmovant's testimony in whole or part: the courts owe a nonmovant no duty to disbelieve his sworn testimony which he chooses to submit for use in the case to be decided.

407 F.3d 1272, 1278 (11th Cir. 2005). Notably in that case, plaintiff's counsel urged the court to accept some of the defendant's testimony as true and some of the plaintiff's testimony as true. The court was addressing an inconsistency between the testimony of the parties and not an inconsistency in one party's testimony provided on two different dates. *Id*. at 1278 n.7.

Rodriguez recites the rule that "testimony that is fantastic, internally inconsistent, or speculative does not present a question for the jury." *United States v. Jean-Charles*, 696 F. App'x 405, 408 (11th Cir. 2017); *see also United States v. Davis*, 809 F.2d 1509, 1513 (11th Cir. 1987). The Court also recognizes that binding precedent dictates that "[u]nder the sham affidavit rule, an affidavit may be stricken as a sham when a party has given clear answers to unambiguous questions

Case No. 21-cv-24052-BLOOM/Otazo-Reyes

which negate the existence of any genuine issue of material fact ... and that party attempts thereafter to create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 887 (11th Cir. 2011) (alterations adopted) (internal quotation marks omitted).

Guirola has been consistent in his testimony since filing this action. The initial Complaint alleged that "Sosa and Rodriguez approached Guirola" and that "Sosa and Rodriguez detained Guirola." ECF No. [1] at ¶¶ 9-10. The Amended Complaint similarly alleges that "Sosa and Rodriguez approached Guirola" and "Sosa and Rodriguez detained Guirola together." ECF No. [25] at ¶¶ 9-10. In his deposition testimony, Guirola testified that Officers Sosa and Rodriguez approached him. ECF No. [55-5] at 26.[1] Guirola also testified at deposition that Officer Rodriguez was standing two feet away when Officer Sosa used excessive force. *Id*. at 29;[2] *see also* ECF No. [55-10] at 19:2-5, 22:21-25.

The contradictory testimony Guirola provided prior to the commencement of this action may affect his credibility, but it does not render his deposition testimony a disregardable sham. *See Baysa v. Gualtieri*, 786 F. App'x 941, 946 (11th Cir. 2019) (finding that inconsistencies in the testimony plaintiff offered when he was a criminal defendant and during deposition in a civil claim against officers are "more appropriately considered 'variations of testimony' or 'instances of failed memory' going to the weight and credibility of the evidence, as opposed to falsehoods rendering the [deposition testimony] a disregardable 'sham.'"); *see also McCormick v. City of Fort*

---

[1] The deposition, ECF No. [55-5] contains 4 pages of transcript for each page of the docket entry. The relevant text appears on page 26 of the document, but page 101 of the deposition transcript at lines 21 through 25.

[2] The relevant text appears on page 113 of the deposition transcript at lines 17 through 23.

*Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) ("weighing the contradictory statements along with the explanations for those contradictions are judgments of credibility. Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment.").

The Court therefore finds that an issue of material fact exists as to whether Officer Rodriguez was present and could have intervened. Officer Rodriguez has only asserted that his alleged failure to intervene was not violative of Guirola's rights only because he was not present. He has not asserted that his failure to intervene should not be considered a violation of Guirola's constitutional rights for any other reason. Because a material fact regarding Officer Rodriguez's presence is therefore dispositive and the Court has determined that it is a fact in dispute, summary judgment is not appropriate.

Because the Court has determined that summary judgment is not appropriate, it does not consider Guirola's argument that qualified immunity is unconstitutional.

V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Rodriguez's Motion, **ECF No. [54]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 13, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record